JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tanielle Thomas

### DEFENDANTS
Walmart, Inc. and Sam's West, Inc. d/b/a Sam's Club

**(b)** County of Residence of First Listed Plaintiff: Philadelphia Co. PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Benton Co., AR
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David J. Cohen, Stephan Zouras LLP
604 Spruce Street, Phila., PA 19106 / (215) 873-4836

Attorneys *(If Known)*
N/A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Sec. 201 et seq.

Brief description of cause:
Failure to pay overtime wages.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE N/A
DOCKET NUMBER N/A

DATE: November 1, 2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

NOV 1 2018

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

MMB

18-4717

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __170 S. Frazier St., Phila., PA 19143__

Address of Defendant: __406 S. Walton Blvd., Bentonville, AR 72712__

Place of Accident, Incident or Transaction: __Montgomery Co. PA__

---

**RELATED CASE, IF ANY:**

Case Number: __N/A__     Judge: __N/A__     Date Terminated: __N/A__

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __November 1, 2018__     _____     __PA 74070__
                                 *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☒ 11. All other Federal Question Cases
   *(Please specify):* __FLSA, 29 U.S.C. Sec. 201 et seq.__

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __David J. Cohen__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __November 1, 2018__     _____     __PA 74070__
                                 *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Tanielle Thomas
v.
Walmart, Inc., et al.

CIVIL ACTION

NO. 18-4717

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

Nov. 1 2018        David J. Cohen            Plaintiff
Date              Attorney-at-law            Attorney for

215-873-4836    312-233-1560    dcohen@stephanzouras.com
Telephone        FAX Number      E-Mail Address

(Civ. 660) 10/02

NOV -1 2018

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

```
Court Name: EDPA-Philadelphia
Division: 2
Receipt Number: PPE107224
Cashier ID: rfehrle
Transaction Date: 11/01/2018
Payer Name: DAVID COHEN
-----------------------------------
CIVIL FILING FEE
 For: DAVID COHEN
 Case/Party: D-PAE-2-18-CV-004717-001
 Amount:      $400.00
CIVIL FILING FEE
 For: DAVID COHEN
 Case/Party: D-PAE-2-18-CV-004718-001
 Amount:      $400.00
-----------------------------------
CREDIT CARD
 Amt Tendered: $800.00
-----------------------------------
Total Due:      $800.00
Total Tendered: $800.00
Change Amt:     $0.00


Only when bank clears the check,
money order, or verifies credit of
funds is the fee or debt officially
paid or discharged. A $53 fee will
be charged for a returned check.
```



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| TANIELLE THOMAS,<br>for herself and all others similarly situated,<br>　　　　Plaintiff,<br>　　v.<br><br>WALMART, INC. and SAM'S WEST, INC., d/b/a<br>SAM'S CLUB,<br>　　　　Defendants. | Case No. 18-4717<br><br>JURY TRIAL DEMANDED |

### COLLECTIVE / CLASS ACTION COMPLAINT

Tanielle Thomas ("Plaintiff"), by and through her undersigned counsel, hereby makes the following allegations against Walmart, Inc. and Sam's West, Inc., d/b/a and Sam's Club (collectively "Defendants") concerning her acts and status upon actual knowledge and concerning all other matters upon information, belief and the investigation of her counsel:

### NATURE OF THE ACTION

1. Plaintiff brings this action to redress common policies and practices by which Defendants, among other things: require hourly employees to punch-in and punch-out on timeclocks each shift; cause their timeclocks to accept punches employees make less than 15 minutes before or after their scheduled shift start and end times, but reject punches employees make more than 15 minutes before or after their scheduled shift start and end times; and calculate employees' daily work hours based on their scheduled shift start and end times when their timeclocks reject a punch. Together, Defendants' practices violate the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PMWA") by denying wages, including overtime premium wages, to



their employees for pre- and post-shift hours they actually work.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction." This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331 because Plaintiff asserts a claim arising under the FLSA.

3.     This Court has supplemental jurisdiction over Plaintiff's PMWA claim pursuant to 28 U.S.C. § 1367, because this claim arises from the same occurrences and transactions as Plaintiff's FLSA claim (i.e., Defendants' failure to pay overtime wages) and are so related to this claim as to form part of the same case or controversy.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District: Plaintiff resides in this District, Plaintiff worked for Defendants in this District, Plaintiff suffered the losses at issue in this District, Defendants have significant business contacts in this District, Defendants are alleged to have engaged in the wrongful conduct at issue in this District, and actions and omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

5.     Plaintiff Tanielle Thomas is an individual who resides in Philadelphia County, PA. From April 2015 to November 2017, Ms. Thomas worked as an hourly-paid Associate for the Sam's Club store in Willow Grove, PA. Ms. Thomas is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint and has signed and filed a Consent Form to join this litigation. *See* Exhibit A.

6.     Defendant Walmart, Inc. ("Walmart") is a publicly-traded, family-owned business based in Bentonville, Arkansas. Walmart is a retail corporation that operates more than 10,000 hypermarkets, discount department stores, grocery stores and club stores in 28 countries. Walmart is the world's largest company by revenue – over $500 billion according to the 2018 Fortune Global 500 list – as well as the largest private employer in the world with 2.3 million employees. *See https://en.wikipedia.org/wiki/Walmart* (accessed Aug. 17, 2018).

7.     Defendant Sam's West, Inc. ("Sam's West") is a wholly-owned Walmart subsidiary based in Bentonville, Arkansas. Sam's West operates the Sam's Club chain of membership warehouse stores. As of January 2018, Sam's West has 597 Sam's Club locations in 44 U.S. states, including 24 Sam's Club stores in Pennsylvania. *See https://www.samsclub.com/sams/shoppingtools/clubSelection.jsp?&searchBy=State&state=PA&_requestid=311862* (accessed Aug. 17, 2018).

8.     Walmart and Sam's West do business as Sam's Club, which is a chain of membership-only retail warehouse clubs selling thousands of consumer goods, from appliances to toys.

9.     Throughout the relevant period, Walmart and Sam's West have jointly owned the Sam's Club stores in Pennsylvania and exercised operational control over all significant business functions in these stores, including: setting and implementing the work, timekeeping and compensation policies and practices at issue in this matter, providing training on these policies and procedures, tracking employees' hours worked and setting and paying employees' wages.

## BACKGROUND FACTS

10.     Defendants employ hourly-paid Associates to work in Sam's Club stores, assist customers, make sales, take inventory, prepare and serve food, stock shelves, clean the premises

and provide excellent customer service.

11. Defendants maintain common timekeeping and compensation policies and practices for all hourly-paid Associates in Sam's Club stores that include: assigning hourly-paid Associates a daily work schedule with specific start and stop times; requiring hourly-paid Associates to punch-in on a timeclock before starting work each day and punch-out on a timeclock after ending work each day; causing their timeclocks to accept punches less than 15 minutes before or after an employee's scheduled shift start and end times, but reject punches outside this 30-minute window; allowing hourly-paid Associates to begin work more than 15 minutes before their scheduled shift start-times and continue working more than 15 minutes after their scheduled shift end-times while calculating their daily hours worked using their scheduled shift start and/or end times when the timeclock rejects a punch; failing to maintain accurate, contemporaneous records of hourly-paid Associates' unscheduled pre-and post-shift work; and failing to pay all overtime premium wages owed for this work.

12. During her employment, Ms. Thomas was regularly scheduled to work 40 hours per week. Ms. Thomas tried to clock-in between one and two hours before her scheduled shift start-time to perform her job duties about every other day. On these occasions, Defendants' timeclock rejected her punch, did not record her actual start-time, calculated her daily work hours based on her scheduled shift start-time and failed to pay her any wages for her pre-shift work. Ms. Thomas tried to clock-out about one hour after her scheduled shift end-time every other day. On these occasions, Defendants' timeclock rejected her punch, did not record her actual end-time, calculated her daily work hours based on her scheduled shift end-time and failed to pay her any wages for her post-shift work.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings her FLSA claim on an opt-in, collective basis pursuant to 29 U.S.C. § 216(b) for herself and all people who have worked in any Sam's Club store on a full-time (FTE 0.8 or over) hourly basis in any workweek during the maximum limitations period (the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

14. Plaintiff belongs to the FLSA Collective, because she has worked as an hourly employee in a Sam's Club store during the relevant period.

15. The FLSA Collective is "similarly situated," as defined by 29 U.S.C. § 216(b), because its members worked under similar terms and conditions, in similar jobs and were subjected to the common, Company-wide policies and practices described herein.

16. Plaintiff and the FLSA Collective do not meet any test for exemption under the FLSA.

17. Plaintiff estimates that the FLSA Collective, including both current and ex-employees over the relevant period, may include several thousand members. The precise number of FLSA Collective members is available from Defendants' personnel, scheduling, time and payroll records, and from input received from the collective group members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

18. Plaintiff brings her PMWA claim on an opt-out, class action basis pursuant to Fed. R. Civ. P. 23 for herself and all Pennsylvania residents who have worked in any Sam's Club store on a full-time (FTE 0.8 or over) hourly basis in any workweek during the maximum limitations period without receiving overtime wages due for all overtime hours they worked (the "PA Class"). Plaintiff reserves the right to amend this definition as necessary.

19. Plaintiff is a member of the PA Class because she is a Pennsylvania resident who has worked as a full-time hourly employee in a Sam's Club store during the relevant period.

20. Class treatment of Plaintiff's PMWA claim is appropriate because the PA Class satisfies the requirements of Fed. R. Civ. P. 23.

21. The PA Class is so numerous that joinder of all its members would be impracticable. Sam's Club has at least several thousand employees who fit the PA Class definition, meaning that joining all of their claims would be impracticable.

22. Plaintiff's claims are typical of the claims belonging to the PA Class. Plaintiff is similarly-situated to the PA Class because she worked at Sam's Club under the common policies and procedures identified above, and was denied legally-required wages for their work as a result of Defendants' common course of wrongful conduct.

23. There are material questions of law or fact common to the members of the PA Class because, as discussed throughout this filing, Defendants engaged in a common course of conduct that violated their legal rights. The legality of Defendants' policies will be demonstrated by applying generally applicable legal principles to common evidence. Any individual questions Plaintiff's claims present will be far less central to this litigation than the numerous common questions of law and fact, including:

    a. whether Plaintiff and the PA Class were subject to materially-identical timekeeping and compensation policies;

    b. whether Plaintiff and the PA Class were required to punch-in and punch-out on timeclocks each shift;

    c. whether Defendants cause timeclocks in Sam's Club stores to accept punches employees make less than 15 minutes before or after hourly employees' scheduled shift start and end times, but reject punches hourly employees made more than 15 minutes before or after their scheduled shift start and end times;

6

    d.    whether Defendants calculate hourly employees' daily work hours based on their scheduled shift start and end times when their timeclocks rejected their punches;

    e.    whether Defendants maintain any policies or procedures to ensure that hourly employees were properly paid for all hours worked;

    f.    whether Defendants denied Plaintiff and the PA Class overtime premium wages owed under the PMWA; and

    g.    whether Defendants should be required to pay compensatory damages, liquidated damages and/or attorneys' fees and costs, or enjoined from continuing the wage and hour violations alleged in this Complaint.

24. Plaintiff will fairly and adequately assert and protect the interests of the PA Class because: there is no apparent conflict of interest between Plaintiff and the PA Class; Plaintiff's counsel have successfully prosecuted many complex class actions, including state-law wage and hour class actions, and will adequately prosecute these claims; and Plaintiff has adequate financial resources to assure that the interests of the PA Class will not be harmed because her counsel has agreed to advance the costs and expenses of litigation on the Class' behalf contingent upon the outcome of this litigation consistent with Pa. R. Prof. Conduct 1.8(e)(1).

25. Allowing this action to proceed as a class action will provide a fair and efficient method for adjudication of the issues presented by this controversy because issues common to the PA Class predominate over any questions affecting only individual members; no difficulties are likely to be encountered in the management of this litigation as a class action; and the claims addressed in this Complaint are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims.

26. Allowing Plaintiff's PMWA claim to proceed as a class action will be superior to requiring the individual adjudication of each PA Class member's claim, since requiring several hundred hourly-paid employees to file and litigate individual wage claims will place an undue

burden on the PA Class members, Defendants and the Courts. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each PA Class member are relatively small, the expenses and burdens associated with individual litigation would make it prohibitively impractical for them to bring individual claims. Further, the presentation of separate actions by individual PA Class members could create a risk for inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of the PA Class members to protect their interests.

27. Allowing Plaintiff's claims to proceed in a class action setting is also appropriate because Pennsylvania's wage laws expressly permit private class action lawsuits to recover unpaid regular and overtime wages.

## COUNT I
## VIOLATION OF THE FLSA
## Unpaid Overtime Wages

28. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

29. Defendants are "employers" as defined by 29 U.S.C. § 203(d).

30. Plaintiff and the FLSA Collective are "employees" as defined by 29 U.S.C. § 203(e)(1) and are not exempt from the FLSA's protections for any reason.

31. The wages Defendants pay to Plaintiff and the FLSA Collective are "wages" as defined by 29 U.S.C. § 203(m).

32. Defendants are an "enterprise engaged in commerce" within the meaning of 29

U.S.C. § 203(s)(1)(A).

33. 29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce employers' failure to comply with the FLSA's requirements.

34. Throughout the relevant period, Defendants have been obligated to comply with the FLSA's requirements, Plaintiff and the FLSA Collective members have been covered employees entitled to the FLSA's protections, and Plaintiff and the FLSA Collective members have not been exempt from receiving wages required by the FLSA for any reason.

35. 29 U.S.C. § 207(a)(1) requires employers to pay their employees an overtime rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

36. Defendants have intentionally violated this provision of the FLSA with respect to the FLSA Collective by maintaining common timekeeping and compensation policies and practices that include: assigning hourly-paid Associates a daily work schedule with specific start and stop times; requiring hourly-paid Associates to punch-in on a timeclock before starting work each day and punch-out on a timeclock after ending work each day; causing their timeclocks to accept punches less than 15 minutes before or after an employee's scheduled shift start and end times, but reject punches outside this 30-minute window; allowing hourly-paid Associates to begin work more than 15 minutes before their scheduled shift start-times and continue working more than 15 minutes after their scheduled shift end-times; calculating hourly-paid Associates' daily hours worked by using their scheduled shift start and/or end times when the timeclock rejects a punch; failing to maintain accurate, contemporaneous records of hourly-paid Associates' unscheduled pre- and post-shift work; and failing to pay all overtime premium wages owed for this work.

37. By engaging in this conduct, Defendants have acted with willful and/or reckless disregard for the FLSA Collective members' rights under the FLSA.

38. Plaintiff and the FLSA Collective have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime premium wages owed for overtime-eligible work they performed and from which Defendants derived a direct and substantial benefit.

39. For all the reasons stated above, Plaintiff and the FLSA Collective are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF THE PMWA
## Unpaid Overtime Wages

40. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

41. Defendants are covered employers required to comply with the PMWA's mandates.

42. Plaintiff is seeking to recover "wages" as that term is defined by the PMWA.

43. Plaintiff and the PA Class are employees entitled to the PMWA's protections, and, during the relevant period, were not exempt from receiving wages payable under the PMWA or its enabling Regulations for any reason.

44. PMWA Section 4(c) requires employers to pay their employees overtime compensation of "not less than one and one-half times the employee's regular rate" for all hours worked over 40 in a given workweek. *See* 43 P.S. § 333.104(c).

45. Under the PMWA, overtime is calculated based on the number of hours worked in a "workweek", defined in controlling regulations as "a period of 7 consecutive days". *See* 34 Pa. Code § 231.42.

46. Throughout the relevant period, PMWA Section 8 required Defendants to "keep a true and accurate record of the hours worked by each employee and the wages paid to each." *See* 43 P.S. § 333.108.

47. The PMWA provides that "any agreement between the employer and the worker" does not serve as a defense to civil actions brought to recover wages owed under the Act.

48. Defendants have intentionally violated these provisions of the PMWA by maintaining common timekeeping and compensation policies and practices that include: assigning hourly-paid Associates a daily work schedule with specific start and stop times; requiring hourly-paid Associates to punch-in on a timeclock before starting work each day and punch-out on a timeclock after ending work each day; causing their timeclocks to accept punches less than 15 minutes before or after an employee's scheduled shift start and end times, but reject punches outside this 30-minute window; allowing hourly-paid Associates to begin work more than 15 minutes before their scheduled shift start-times and continue working more than 15 minutes after their scheduled shift end-times; calculating hourly-paid Associates' daily hours worked by using their scheduled shift start and/or end times when the timeclock rejects a punch; failing to maintain accurate, contemporaneous records of hourly-paid Associates' unscheduled pre- and post-shift work; and failing to pay all overtime premium wages owed for this work.

49. By engaging in this conduct, Defendants have acted with willful and/or reckless disregard for Plaintiff's and the PA Class members' rights under the PMWA.

50. There is no language in the PMWA, no exception to the PMWA or its enabling Regulations, or any applicable provision elsewhere in Pennsylvania law that permits Defendants to avoid paying Plaintiff and the PA Class for their overtime work, so Defendants have no good

faith justification or defense for failing to pay Plaintiff and the PA Class members all wages mandated by the PMWA.

51. Defendants' failure to pay Plaintiff and the PA Class all wages owed for their meal break work violates the PMWA and has caused them to suffer economic harm.

52. Plaintiff and the PA Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of overtime premium wages owed for overtime-eligible work they performed and from which Defendants derived a direct and substantial benefit.

WHEREFORE, Plaintiff respectfully prays for an Order:

a. Certifying this matter to proceed as a collective action with respect to Count I and as a class action with respect to Count II;

b. Approving Plaintiff as an adequate Class representative;

c. Appointing Stephan Zouras, LLP to serve as Class Counsel;

d. Finding Defendants willfully violated the applicable provisions of the FLSA and PMWA by failing to pay all required overtime wages to Plaintiff and the FLSA Collective and PA Class members;

e. Granting judgment in favor of Plaintiff and the FLSA Collective and PA Class members against Defendants, and each of them, jointly and severally, on Counts I and II;

f. Awarding all available compensatory damages in amounts to be determined;

g. Awarding all available liquidated damages in amounts to be determined;

h. Awarding pre-judgment interest on all compensatory damages due;

i. Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

j. Awarding equitable and injunctive relief precluding the continuation of policies and practices pled in this Complaint;

k.  Awarding any further relief the Court deems just, necessary and proper; and

l.  Maintaining jurisdiction over this action to ensure Defendants' compliance with the foregoing.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in the above-captioned matter.

Dated: November 1, 2018

Respectfully submitted,

*/s/ David J. Cohen*
David J. Cohen
STEPHAN ZOURAS LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836
dcohen@stephanzouras.com

Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
100 North Riverside, Suite 2150
Chicago, IL  60606
312-233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com

*Counsel for Plaintiff and the Putative Collective / Class members*

## CONSENT TO JOIN COLLECTIVE ACTION

*Onley v. Walmart, Inc and Sam's West, Inc. d/b/a Sam's Club*
**United States District Court, Eastern District of Pennsylvania**

**Complete and Return To:**
**STEPHAN ZOURAS, LLP**
**Attn: Sam's Club Overtime Action**
**100 N. Riverside, Suite 2150**
**Chicago, IL 60606**
**Phone: 312-233-1550**
**Fax: 312-233-1560**
**E-mail:** lawyers@stephanzouras.com

By signing below, I affirm that I worked as a full-time hourly employee at Sam's Club in Pennsylvania in the past three years, tried to clock-in before my scheduled shift start-time and/or clock-out after my scheduled shift end-time, had my punches rejected by the timeclock and was paid based on my scheduled shift times.

I consent to join this lawsuit for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

I designate Stephan Zouras, LLP and other attorneys with whom they may associate to represent me for all purposes of this action.

I designate the Class Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, settlement, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims.

9/11/2018
Date

DocuSigned by:
*Tanielle Thomas* (signature)
—2FD64765B03A493...
Signature

Tanielle Thomas
Print Name