IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TANIELLE THOMAS | CIVIL ACTION |
|---|---|
| v. | NO. 18-4717 |
| WALMART, INC. | DATE OF NOTICE: December 19, 2019 |

**MEMORANDUM RE: PLAINTIFF'S MOTION FOR
FLSA CONDITIONAL CERTIFICATION**

Baylson, J. December 19, 2019

## I. Introduction

In this putative collective action, Tanielle Thomas ("Plaintiff") contends that Walmart, Inc. and Sam's West, Inc. ("Defendants") violated the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA") by maintaining policies and procedures that caused employees to underreport the number of hours they worked, resulting in ineligibility for overtime that the employees otherwise would have qualified for. (ECF 1.) Currently pending before the Court is Plaintiff's Motion for FLSA Conditional Certification. (ECF 16.) For the reasons that follow, Plaintiff's Motion is **GRANTED**, subject to the modifications of Plaintiff's proposed notice and plan of distribution contained herein.

## II. Procedural History

Plaintiff filed suit against Defendants on November 1, 2018 alleging that their practices violated the overtime provisions of the FLSA. (ECF 1.) The practices that Plaintiff complains of include: Defendants' routine requests that she report to work early, the electronic time clock's refusal to allow her to punch in prior to her scheduled shift; and Defendants' failure to provide a reliable procedure to ensure tracking of overtime hours.

On August 30, 2019, Plaintiff moved to conditionally certify a collective class of "all persons who have worked as a full-time, hourly-paid employee in any position or department in the 18 Sam's Club stores in the geographic market where Plaintiff worked (including Delaware, Eastern Maryland, Southern New Jersey and Eastern Pennsylvania) during the past three years" under 29 U.S.C. § 216(b). (ECF 16.) On October 16, 2019, Defendants responded in opposition, (ECF 20), but asked in the alternative that the Court direct Plaintiff and Defendants to meet and confer regarding Plaintiff's proposed notice[1] and plan of distribution,[2] (id. at 20.) Plaintiff replied in support of her Motion on October 25, 2019. (ECF 23.)

The Court heard argument on Plaintiff's Motion on December 17, 2019. (ECF 26.) The primary points debated at the hearing concerned Defendants' objections to Plaintiff's proposed notice and plan of distribution. Three points were in dispute between the parties: (1) Defendants' request that the proposed notice include contact information for defense counsel; (2) Defendants' objection to Plaintiff's proposal that notice be posted in Defendants' stores; and (3) Defendants' objection to Plaintiff's proposal to send reminder notices to potential collective members during the opt-in period.[3]

## III. Legal Standard

The FLSA provides federal minimum wage, maximum hour, and overtime protection to employees within its scope. Genesis v. Healthcare Corp. v. Symczyk, 569 U.S. 66, 69 (2013). The FLSA's private enforcement mechanism permits "[a]n action … [to] be maintained against

---

[1] Plaintiff's proposed notice is attached as Exhibit A to Plaintiff's Motion for FLSA Conditional Certification and is available at ECF 16-3.
[2] Plaintiff's proposed plan of distribution is outlined at pp.14-17 of her Memorandum in Support of her Motion for FLSA Conditional Certification and is available at ECF 16-2.
[3] In their Opposition, Defendants raised an additional objection to Plaintiff's proposed notice: that Plaintiff failed to advise collective members of their right to retain an attorney of their choosing. (ECF 20, Defendants' Opposition at 20.) Plaintiff consented to the revision in her reply and stated that this language would be added to the "Your Legal Representation If You Join" section of the proposed notice. (ECF 23, Plaintiff's Reply at 16.)

2

any employer … in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The action authorized by 29 U.S.C. § 216(b)—a collective action—allows a "named employee plaintiff or plaintiffs [to] file a complaint 'in behalf of' a group of other, initially unnamed employees who purport to be 'similarly situated' to the named plaintiff." Halle v. W. Penn Allegheny Health Sys. Inc., 842 F.3d 215, 223 (3d Cir. 2016). The purpose of the collective action mechanism is to afford "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989).

The Third Circuit applies a two-step analysis in certifying collective actions. Karlo v. Pittsburgh Glass Works, LLC, 849 F.3d 61, 85 (3d Cir. 2017). The first step—conditional certification—requires "the named plaintiffs to make a 'modest factual showing' to demonstrate a 'factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members.'" Id. (quoting Halle, 842 F.3d at 224). The "sole consequence" of conditional certification is that the court-approved notice is disseminated to collective action members. Genesis, 569 U.S. at 75. After a grant of conditional certification, notice recipients provide written consent to participate in the collective action,[4] and limited certification-related discovery is conducted. Halle, 842 F.3d at 225-26.

The second step—final certification—is more rigorous and places the burden on the named plaintiffs to "'show[] that the opt-in plaintiffs are 'similarly situated' to them for FLSA purposes.'" Karlo, 849 F.3d at 85 (quoting Halle, 842 F.3d at 226). Unlike the conditional certification analysis, the final certification inquiry is not discretionary; rather, if the district court's factual findings establish that the plaintiffs are similarly situated, final certification must be granted.

---

[4] The opt-in feature of 29 U.S.C. § 219(b), which requires each individual to file an affirmative consent before joining the collective action, distinguishes an FLSA collective action from a Rule 23 class action. Halle, 842 F.3d at 225.

Fiumano v. Metro Diner Mgmt. LLC, No. 17-465, 2018 WL 1726574, at *3 (E.D. Pa. Apr. 10, 2018) (Brody, J.).

Only the first step of the certification analysis—conditional certification—is at issue here.

**IV. Parties' Arguments**

Plaintiff argues that "her personal experience across two years of employment at Sam's Club, her familiarity with Defendants' policies and practices and her regular interaction with other FLSA Collective members who were subject to the same terms and conditions of employment" establish the modest showing that is required at the conditional certification stage. (ECF 16-2, Plaintiff's Memorandum in Support of Motion for FLSA Conditional Certification ("Plaintiff's Memorandum") at 12.) Plaintiff's "personal experience" with Defendants' practices comes from her two year tenure as an hourly employee at the Willow Grove, Pennsylvania Sam's Club store. (Plaintiff's Memorandum, Ex. B ¶ 2.)

In support of her Motion, Plaintiff provided a declaration submitted by Bryheem Barr, a Sam's Club colleague who worked in two Sam's Club stores: the Willow Grove, Pennsylvania location (where Plaintiff worked) and the Cinnaminson, New Jersey location.[5] (Id. Ex. C ¶ 1.) Barr's declaration discusses experiences that are similar to those of Plaintiff, including regularly being instructed to come in to work early, receiving an error message when attempting to clock in before the scheduled start time, and receiving unresponsive feedback when requesting overtime pay. (Id. ¶¶ 6-14.) Barr declares that other full-time, hourly employees in the two stores he was located in similarly were unsuccessful in obtaining overtime pay they were entitled to. (Id. ¶ 15.) In addition to the declarations, Plaintiff submitted the Associate Pay Management Guidelines and

---

[5] The Court notes Defendants' position that Plaintiff seeks conditional certification for eighteen stores but only offers proof of violative practices in two stores—the Willow Grove, Pennsylvania store and the Cinnaminson, New Jersey store.

4

the Associate Pay Policy; these policies support Plaintiff's assertion that Defendants prohibit employees from working off the clock and require that permission be obtained prior to working overtime. (Plaintiff's Memorandum, Exs. D–E.)

In opposition, Defendants argue that Plaintiff has not "set forth a factual or evidentiary basis which demonstrates the alleged policies at issue adversely affected putative class members in the same manner" as they affected her. (Defendants' Opposition at 13.) Defendants assert that the experiences of Plaintiff and Barr are insufficient to justify conditional certification, because "courts routinely hold that a FLSA plaintiff cannot secure conditional certification when she offers nothing more than her own unadorned and unsupported speculation—whether considered alone or when coupled with an opt-in parroting the same." (Id. at 14.) In support of their opposition, Defendants reference four declarations signed by employees at various levels of Defendants' entities—a Walmart director in charge of the time clocks, (Defendants' Opposition, Ex. 2 (Fisher Decl.)); a Sam's Club manager who has been employed by Sam's Club for seventeen years, (Defendants' Opposition, Ex. 5 (Miller Decl.)); a supervisor at the Sam's Club Cinnaminson store, (Defendants' Opposition, Ex. 8 (Johnson Decl.)); and an associate at the Sam's Club Cinnaminson location, (Defendants' Opposition, Ex. 9 (Bateman Decl.).)

**V.  Application**

The Court first analyzes whether Plaintiff is entitled to the conditional certification she seeks before turning to the disputed issues regarding the proposed notice and plan of distribution.

**A. Plaintiff is Entitled to Conditional Certification**

The modest showing of similarity between the named plaintiff and the proposed collective action members that is required at the conditional certification stage is not demanding. See Pereira v. Foot Locker, Inc., 261 F.R.D. 60, 62 (E.D. Pa. 2009) (Joyner, J.) (noting that the conditional

5

certification inquiry "is assessed early in the litigation process when there is minimal evidence and places a relatively light burden on plaintiffs"). This standard merely requires that the named plaintiff point to "something beyond mere speculation" to establish the requisite similarity. Halle, 842 F.3d at 224. Sister courts within the Third Circuit have described the plaintiff's burden in moving for conditional certification as "fairly lenient," Verma v. 3001 Castor, Inc., No. 13-3034, 2014 WL 2957453, at *12 (E.D. Pa. June 30, 2014) (Brody, J.), because at this stage, "the court need not evaluate the merits of plaintiffs' claims." Lugo v. Farmer's Price Inc., No. 07-749, 2008 WL 638237 (E.D. Pa. Mar. 7, 2008) (Baylson, J.).

The decision whether to conditionally certify is "discretionary" and committed to the district court's power to "facilitate the sending of notice to potential class members." Zavala v. Wal Mart Stores Inc., 691 F.3d 527, 536 (3d Cir. 2012). As the Third Circuit explained, conditional certification "is not really a certification" and "is neither necessary nor sufficient for the existence of a representative action under the FLSA." Id. The conditional certification analysis requires a "review [of] the pleadings and affidavits of the parties to decide if the proposed class consists of similarly situated employees." Wright v. Lehigh Valley Hosp., No. 10-431, 2010 WL 3363992, at *2 (E.D. Pa. Aug. 24, 2010) (Schiller, J.).

The Court is satisfied that Plaintiff has met the lenient burden she bears in establishing her entitlement to conditional certification. The record at this preliminary stage in the certification process supports Plaintiff's claim that Defendants' hourly employees are subject to the time clock procedures and overtime policies established in the manual, and the declarations of Plaintiff and Barr indicate that the allegedly violative policy transcended store boundaries. See, e.g., Gauzza, 2018 WL 5452746, at *2 (finding that plaintiffs' own declarations, plus various policies of defendants, provided the "modest factual showing" that is required to conditionally certify);

Fiumano, 2018 WL 1726574, at *2 (granting conditional certification because plaintiff "put[] forth evidence of [defendant's] standardized policies and practices" that included the declaration of a former manager and internal company documents).

The cases cited by Defendants are not to the contrary. Defendants reference various district court opinions that, in their view, indicate the declarations of Plaintiff and Barr are insufficient to justify conditional certification. (Defendants' Opposition at 14-16.) However, many of these cases are distinguishable on the facts. For example, in Shala v. Dimora Ristorante, Inc., No. 16-3064, 2016 WL 7386954 (E.D. Pa. Dec. 21, 2016) (Martini, J.), conditional certification was denied because "[p]laintiff … submitted no evidence—other than [his] own statements in his declaration—to support the existence of a companywide policy in violation of the FLSA." Id. at *3; see also Asirifi v. W. Hudson Sub-Acute Care Ctr., LLC, No. 11-4039, 2014 WL 294886, at *2 (D.N.J. Jan. 24, 2014) ("[T]he plaintiff provided no evidence to show the existence of … other similarly situated nurses."); Wright, 2010 WL 3363992, at *4 ("[D]espite having had ample time to recruit other registered nurses to support her claim, [plaintiff] remains unable to name a second person subjected to [d]efendants' FLSA violations."). Here, by contrast, Plaintiff not only submitted her own affidavit, but also provided a corroborating affidavit of a colleague who worked at a separate location, as well as the official pay policies maintained by Defendants. This evidence fulfills Plaintiff's burden at the conditional certification stage. See Jordan v. Meridian Bank, No. 17-5251, 2019 WL 1255067, at *3 (E.D. Pa. Mar. 19, 2019) (Padova, J.) (noting that the lenient conditional certification standard just requires "some evidence beyond mere speculation that the defendant's policy affected other employees").

Because the declarations and pleadings establish a modest showing that Plaintiff is similarly situated to the proposed FLSA collective members, Plaintiff's Motion will be granted.

However, if future certification discovery reveals that some opt-in plaintiffs are not similarly situated, the Court may decertify the class. See, e.g., Zavala, 691 F.3d at 538 (affirming district court's decision to decertify after certification discovery revealed "significant differences in the factual and employment settings of the individual claimants") (quoting Zavala v. Wal-Mart Stores, Inc., No. 03-5309, 2010 WL 2652510, at *3 (D.N.J. June 25, 2010)). Given Defendants' concern about a collective class that is broader than what is justified by the evidence, the Court will carefully scrutinize the evidence before granting final certification of the employees to be included.

### B. Issues Presented by Counsel Regarding Plaintiff's Proposed Notice and Plan of Distribution

Because the Court concludes that Plaintiff is entitled to conditional certification, the Court reaches the issues with the proposed notice and plan of distribution raised by Defendants.

First, the Court will require Plaintiff to include the contact information of defense counsel in any notice that goes out to the conditionally certified class. Second, as Plaintiff agreed, the notice must state that any member of the proposed class has the right to retain an attorney of their own choosing at their own expense. Third, the Court will allow Plaintiff to post the notice in the Willow Grove, Pennsylvania and Cinnaminson, New Jersey stores—the two locations for which Plaintiff has personal knowledge. The Court will delay any ruling as to posting notice in additional stores until some certification discovery has taken place. Fourth, at this time, the Court will not allow reminder notices to be sent to potential collective members.

## VI. Conclusion

For the foregoing reasons, Plaintiff's Motion for FLSA Conditional Certification is **GRANTED**, and Plaintiff shall modify the proposed notice and plan of distribution in accordance with the Court's instructions.

An appropriate order follows.

O:\CIVIL 18\18-4717 Thomas v Walmart\18cv4717 memorandum.docx