IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TANIELLE THOMAS,** *FOR HERSELF AND ALL OTHERS SIMILARLY SITUATED*<br><br>**v.**<br><br>**WALMART, INC. & SAM'S WEST, INC.** *d/b/a* SAM'S CLUB | **CIVIL ACTION**<br><br>**NO. 18-4717**<br><br>**DATE OF NOTICE: May 5, 2023** |

### MEMORANDUM RE: JOINT MOTION FOR APPROVAL OF SETTLEMENT

**Baylson, J.**                                                                                             May 5, 2023

In this Fair Labor Standards Act ("FLSA") proceeding, the Court has allowed a collective action in favor of 275 opt-in Plaintiffs who were or are employees of Walmart, Inc. and Sam's West, Inc. *d/b/a* Sam's Club "Defendants".  After extensive pretrial proceedings, the parties have come to a settlement and presented a Joint Motion for Approval of Settlement, including attorney's fees, costs, and service awards.  The Court recognizes the contribution of Judge Strawbridge to this settlement as mentioned by counsel at a hearing held on April 26, 2023.

As noted at that hearing, the Court has no issues with any of these substantive settlement terms with regards to the recovery by members of the collective class, especially as explained in some detail by Plaintiffs' counsel at the hearing.

Counsel have identified a reasonable amount of recovery for each member of the class for an average of $758.00, which a range between 26%-163% of allegedly unpaid wages.  The Court will approve the settlement with compliments to both counsel.

However, the Court has considerable issues with the request of Plaintiffs' counsel for an attorney's fee award that approximated 45% of the settlement amount, noting that no district court or Third Circuit precedent has approved such a high percentage for counsel in a FLSA case (or any other case in which an U.S. district judge must approve the fee).

1

Counsel's primary reasons for requesting such a high percentage relates to his assertion that he and his firm put so much time into this case that there is a negative multiplier, i.e., when valuing all of the recorded time at the designated rate, which are represented to be the normal billing rates of the firm, that the recovery will be less that the value of the time expended. Plaintiff asserts that the requested fee is only 32% of the lodestar.

It is well accepted within the Third Circuit that a district court should review the request for attorney's fees with analysis both as to the amount of time spent by counsel, the applicable rate, and the percentage of the fee relative to the total award. None of these factors are exclusive or necessarily predominating in the calculation.

This Court went through an exhaustive review of attorney's fees in <u>Ward v. Flagship Credit Acceptance</u>, LLC 2020, WL 759389, (ED Pa), which reviewed the Third Circuit precedents including <u>Girsh v. Jepson</u> 521 F.2d 153 (3rd Cir. 1975). <u>Ward</u> was a $4 million proposed settlement in a Telephone Consumer Protection Act ("TCPA") case, where each member of the class who had returned a claim form would receive $35.30 but counsel requested $1,300,000.00. Largely because of the disparity between the minimal amount paid to class members compared to the amount sought by counsel, (with a lodestar that was well below the percentage amount), the Court rejected the settlement. No appeal was taken and the case settled without a class certified.

In this case, Judge Strawbridge who supervised the settlement was positive about the work of counsel, which fact is entitled to significant weight. However, the well-established precedents that have limited a fee award of a high of 35% must be respected.

The resulting fee in this case of $175,000.00 is a reasonable fee. The fact that Plaintiff's lodestar exceeded this amount can be a result of any number of factors. Perhaps Plaintiff's counsel realized that he would have to do more work on the case to achieve a successful settlement then

he had anticipated, and he also anticipated a higher settlement than was agreed to by the Defendant. It is also possible that counsel's requested hourly rate is too high for this type of case. The Court respects counsel's candor and that the most important goal is the approval of the settlement for the benefit of the class.

In addition, from looking at the Plaintiff's time records, it appears that Plaintiff's counsel has numerous entries of $1/10^{th}$ of one hour, reflecting small chores that are common in complex litigation, but do not require any legal analysis or exercise of judgment.  At the other end of the spectrum, it is possible that Plaintiff's counsel spent little time on important events that led to the settlement.  The Third Circuit principle of some relationship between the lodestar and the percentage, reflects the well-known facts, for those who are experienced in complex litigation, that much time may be spent on trivial chores, they are necessary even though not substantive, but not universally compensated.

When counsel representing a defendant has an agreement to be paid for every minute of time at a specific rate, that may be favorable but is not universal.  Many lawyers who work on complex cases realize that they may not be able to get paid for every minute of work, notwithstanding that every minute has been necessary.

When it comes time to award counsel fees, the Court must also remember that every dollar that goes to counsel, is a dollar less to the members of the class, and, this is another "balancing factor". The basic reason for the Court's decision is that awarding a fee in excess of the current norm of 35% is not necessary in this case for counsel to be adequately awarded given the nature of the case and other factors of record, and the factors set forth in Girsh.

The Court will approve the requested service awards, and the award of all out-of-pocket costs claimed.

3

An appropriate Order will follow.

4